Judge Underwood
delivered the opinion oí the Court.
This was an action of detinue for a slave. Plea, non-delinet. Verdict and judgment for the defendant.
The only point relied on in argument, in behalf of the plaintiff in error is, that the defendant could not prove five years’ adverse possession of the slave, under the plea of non-delinet, so as to justify the court in giving an instruction to the jury, that five years’ adverse possession, would bar the plaintiff’s right to recover. •
We perceive no valid objection to the admission of the proof, nor to the instruction. Non-detinet tra *374 versed the plaintiff’s title to the slave. Proof of five years’ adverse possession, with the defendant, shewed that the plaintiff had no title. It was just as proper to defeat his title by such proof, under the general issue, as it would have been to defeat if, by shewing that the plaintiff had parted with his title, by contract, for a full and adequate price. And- we see no reason why the one ground of defence, should be plead,, specially, more than the other.
Where lapse of time confers title to thing in controversy, and title, only question to he tried; statute of limitation may be given in evidence under general issue.
Denny and Monroe, for plaintiff; Crittenden, fur defendant.
The defendant would, beyond all. question, have had a right, under the general issue, to have given in evidence, his deeds of conveyance, shewing how he derived this title, relied on by him. Suppose he could, by a chain of conveyances, deduce title from the persons who raised the slave, and. the slave’s mother and grandmother, must not the title rest,-at last* upon adverse possession, constituting ownership? It must rest upon that foundation at last. It is.enough then to prove five years’ adverse possession, because that period vests title in the possessor.
We do not intend to say that a defendant can avaii-himself of the statute of limitations, under the general issue, in all cases. It is necessary that it should be specially plead, to prevent surprise in many instances; but where lapse of time confers title, to the thing in controversy, and the title is the only question for trial, we are of opinion that the defendant, under the general issue, may shew his title, resulting from a continued adverse possession, and thereby defeat the claim of the plaintiff. This course cannot surprise the plaintiff. He is bound to make out a title, before he can recover. This he cannot do where five years adverse possession exists against him, and in preparing for trial, he must pay attention to that point. If the plaintiff"can defeat the vestiture of the title, under five years’ adverse possession, by reason of any disability, it is his duty to shew such disability, in support of his title and claim.
We perceive no error in the record.
The judgment is affirmed with costs.